IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dennis F. Sanders, ) | | |
| ) | | Civil Action No.: 4:18-cv-02876-JMC |
| Petitioner, ) | | |
| ) | | |
| v. ) | | **ORDER** |
| ) | | |
| Warden Williams, ) | | |
| ) | | |
| Respondent. ) | | |
| ) | | |

Petitioner Dennis F. Sanders, proceeding *pro se* and *in forma pauperis*, filed two separate Writs of Habeas Corpus, relating to separate indictments, pursuant to 28 U.S.C. § 2254 ("Habeas Petitions") on October 24, 2018.[1] (ECF No. 1); *Sanders v. Williams*, No. 4:18-cv-02877-JMC, ECF No. 1 (D.S.C. Oct. 24, 2018). The Magistrate Judge issued two Report and Recommendations ("Reports") on January 8, 2019, recommending dismissal because each Habeas Petition is time-barred. (ECF No. 17); *Sanders*, No. 4:18-cv-02877-JMC, ECF No. 16. The Magistrate Judge determined that the "delivery date" of the Habeas Petitions was September 18, 2018 (ECF No. 17 at 4 (citing *Houston v. Lack*, 487 U.S. 266, 270-76 (1988))), and September 11, 2018, respectively. *Sanders*, No. 4:18-cv-02877-JMC, ECF No. 16 at 4. Considering the earlier Petition, the court agreed with the Magistrate Judge's conclusion, and found Petitioner had accrued the following periods of "untolled" time:

> September 11, 2011 (liberally construed, the date upon which Petitioner's conviction became final, SCACR Rule 203) to May 23, 2012 (the filing date of Petitioner's first state PCR action) (255 days)

---

[1] It appears Petitioner placed this Petition in the prison mailing system on September 18, 2018 (ECF No. 1 at 15), while the earlier petition was placed in the prison mailing system on September 11, 2018. *Sanders v. Williams*, No. 4:18-cv-02877-JMC, ECF No. 1 at 20 (D.S.C. Oct. 24, 2018).

1

October 31, 2017 (liberally construed, the date the lower court received the remittitur on Petitioner's PCR action) [] to September 11, 2018 (*the Houston v. Lack* delivery date of the instant Petition) (315 days).

*Sanders*, No. 4:18-cv-02877-JMC, ECF No. 29 at 2. This summed up to over five hundred (500) days of untolled time, which exceeded the one-year statute of limitations of 28 U.S.C. § 2244(d). (*Id*. (citing *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000)).) Refuting Petitioner's objections to the Report, the court held "Petitioner ha[d] failed to show an extraordinary circumstance beyond his control that made it impossible to timely file an appeal over a span of nearly two years. . . . [and] [c]onsequently, that the Habeas Petition [was] time-barred by the statute of limitations." (*Id*. at 5.)

Here, the same issues apply. The Petition at issue, delivered September 18, 2018, was filed subsequent to the Petition referenced in the court's earlier decision, which had a *Houston v. Lack* delivery date of September 11, 2018. Pursuant to *Lack*, 487 U.S. 266, therefore, Petitioner has accrued five (5) additional days of untolled time for this Petition, and a total untolled period in excess of five hundred (500) days. (ECF No. 18 at 4-5.) Because Petitioner has not presented extraordinary circumstances which justify this delay, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 17) and **DISMISSES** Petitioners' Habeas Petition (ECF No. 1).

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

January 5, 2022
Columbia, South Carolina